AO 432
(Rev. 2/84)

**Administrative Office of the United States Courts**

## WITNESS AND EXHIBIT RECORD  Praujet #16

| DATE | CASE NUMBER | OPERATOR | | | | PAGE NUMBER |
|---|---|---|---|---|---|---|
| 3-15-07 | 07-41M-MPT | Golden | | | | 1 |
| NAME OF WITNESS | DIRECT | CROSS | REDIRECT | RECROSS | PRESIDING OFFICIAL |
| David Hughes (DEA) | 1:46pm | 1:50pm | 2:08pm | 2:09pm | MPT |

REDACTED

| EXHIBIT NUMBER | DESCRIPTION | ID | ADMITTED IN EVIDENCE |
|---|---|---|---|
| Govt. 1 | Criminal Complaint | 1 | X |

GOVERNMENT EXHIBIT 1 3/5/8 07-41M-MPT

# United States District Court

DISTRICT OF _____ DELAWARE _____

UNITED STATES OF AMERICA,

v.

GILBERTO ZARCO,

(Name and Address of Defendant) REDACTED

Criminal Complaint 07- 41M-MPT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about March 2, 2005, in New Castle County, in the District of Delaware, defendant(s), (Track Statutory Language of Offense):

did knowingly distribute a Schedule II controlled substance, to wit, cocaine,

all in violation of Title _____ 21 _____ United States Code, Section(s) _841(a)(1) and (b)(1)(C)_.

I further state that I am a(n) Special Agent, Drug Enforcement Administration and that this complaint is based
                                    Official Title
on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:   YES

_____SA D.B.H._____
Signature of Complainant
David B. Hughes
Special Agent
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

_March 7, 2007_            at   _Wilmington, DE_
Date                            City and State

Honorable Mary Pat Thynge
United States Magistrate Judge       _____[signature]_____
Name & Title of Judicial Officer     Signature of Judicial Officer

## AFFIDAVIT

DAVID B. HUGHES, being duly sworn, states as follows:

1. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA) and have been so employed for approximately eight years. Prior to my employment with the DEA, I was employed as a Trooper with the Maryland State Police for approximately six years. During my law enforcement tenure, I have participated in numerous investigations into the unlawful distribution of narcotics in violation of federal and state laws. In the course of my duties, I have conducted or participated in physical and electronic surveillance, undercover transactions, the execution of search warrants, debriefing of informants, interviews of witnesses, reviews of tape-recorded conversations involving drug trafficking activities, and analyses of telephone toll records and other records kept by or relating to drug traffickers. Through my training, education, and experience, I have become familiar with the methods by which illegal drugs are imported, manufactured, and distributed; methods of payment for such drugs; and methods used by drug traffickers to avoid law enforcement detection, including methods used to disguise the source and illegal nature of drug proceeds. I have also testified as an expert witness in federal and state courts regarding the distribution, transportation, and concealment of illegal drugs.

2. This Affidavit is in support of a criminal complaint against and arrest warrant for Gilberto ZARCO, d/o/b    1976. I am the case agent responsible for the investigation in aid of which this application is being made. This Affidavit is based on my personal knowledge and observations, as well as information provided to me by other law enforcement officers. Because this Affidavit is solely for the purpose of establishing probable cause, not all facts relating to the investigation are included herein.

3. On or about March 2, 2005, a DEA Confidential Source (CS) under the direction and control of law enforcement agents/officers, initiated a consensually monitored tape-recorded telephone call to ZARCO regarding the delivery of two ounces of cocaine. During the telephone call, the CS and ZARCO made arrangements to meet in the parking lot of the WAWA convenience store located at Route 13 and Memorial Drive in New Castle, Delaware regarding the delivery of two ounces of cocaine for the price of $2,000.00. Pursuant to the telephone call, members of the DEA Wilmington, Delaware Resident Office established surveillance in and around the area of the WAWA parking lot located at Route 13 and Memorial Drive in New Castle, Delaware. Shortly thereafter, agents/officers observed ZARCO meet with the CS. During the meeting, the CS purchased two ounces of cocaine from ZARCO for the price of $2,000.00. The CS and the CS' vehicle were searched for contraband (money and/or drugs) prior to and after the delivery of the two ounces of cocaine with negative results. The CS was equipped with an electronic monitoring and recording device during the transaction, allowing agents/officers to contemporaneously monitor the transaction between the CS and ZARCO. Agents/Officers also initiated a digital video recording of the transaction between the CS and ZARCO. The two ounces of cocaine provided by ZARCO to the CS field-tested positive for cocaine, and were later analyzed by the DEA Northeastern Regional Laboratory and determined to be 54.3 net grams of cocaine with an 88% purity level.

4. On February 22, 2007, agents/officers met with ZARCO at his residence located at 76 Chesterfield Drive in New Castle, Delaware and advised ZARCO that they wanted to speak to him regarding his involvement in the distribution of cocaine. Agents/Officers advised ZARCO of his Miranda rights in English and Spanish via a DEA Form 13. It should be noted that ZARCO spoke English fluently. ZARCO advised the agents/officers that he understood his Miranda rights as explained and agreed to speak to the agents/officers. Upon reading DEA Form 13s (Advice of Rights and Waiver of Rights) in both English and Spanish, ZARCO signed them indicating a waiver of his rights.

5. Following his Miranda waiver, ZARCO admitted that from January 2005 through August 2006, he distributed half-ounce to one-ounce quantities of cocaine throughout New Castle County, Delaware on a weekly basis. ZARCO further admitted that the largest quantity of cocaine that he distributed at one time was two ounces of cocaine and that he had distributed this amount on two occasions. Agents/Officers concluded their interview with ZARCO and he was not formally charged at that time.

6. Based on the foregoing facts and my training, knowledge, and experience, it is my opinion that ZARCO knowingly distributed a substance containing a detectable amount of cocaine.

7. Based on the foregoing facts, your Affiant submits that there is probable cause to believe that ZARCO has committed a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), distribution of a Schedule II controlled substance, to wit, cocaine, and therefore respectfully requests that the Court issue a criminal complaint and arrest warrant for ZARCO.

DAVID B. HUGHES
Special Agent, Drug Enforcement Administration

Sworn to and subscribed before me this 9 day of March 2007.

HONORABLE MARY PAT THYNGE
United States Magistrate Judge